IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

TONYA N. PURCELL, as Executor of   *
the Estate of Cheryl C. Milam,
deceased,                      *

     Plaintiff,          *       CASE NO. 3:09-CV-46 (CDL)

vs.                         *

ROGER W. CATLIN, M.D., a       *
resident citizen of the State of
Tennessee, and CHATTANOOGA    *
CENTER FOR PAIN MANAGEMENT, PC,
a Tennessee Professional      *
Corporation,
                         *
     Defendants.
                         *

O R D E R

Plaintiff, as the executor of her mother's estate, seeks to recover for her mother's wrongful death allegedly caused by the medical negligence of Defendant Dr. Roger W. Catlin. Plaintiff alleges that her mother, a Georgia resident and patient of Dr. Catlin, died in Georgia as a result of medical negligence committed by Dr. Catlin in Tennessee. Dr. Catlin resided in Tennessee and practiced medicine at Defendant Chattanooga Center for Pain Management, a professional corporation located in Tennessee. Defendants seek dismissal of Plaintiff's Complaint, contending that Georgia substantive law applies in this action and that, under Georgia law, a wrongful death action must be brought by the decedent's surviving spouse. Thus, Defendants argue that Plaintiff does not have standing to pursue this action. Because Georgia law

applies in this action and Plaintiff does not have standing to bring this wrongful death action under Georgia law, Plaintiff's Complaint must be dismissed.   Defendants' Motion to Dismiss (Doc. 20) is therefore granted.[1]

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).   The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal

---

[1]The Court notes that Defendants also seek dismissal based upon lack of personal jurisdiction.   While the Court has serious doubts as to whether Plaintiff has sufficiently pled enough facts to establish personal jurisdiction, the Court would be inclined to permit limited discovery on that issue prior to dismissal of Plaintiff's Complaint for lack of personal jurisdiction.   Since the Court's ruling on standing makes the personal jurisdiction issue moot, the Court finds that it should decide the issue of standing before personal jurisdiction, particularly given the delay in ruling on this motion.

evidence of" the plaintiff's claims, *id.*, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## FACTUAL ALLEGATIONS

Cheryl Milam, the decedent, resided in Georgia. (Compl. ¶ 1.) Defendant Dr. Roger Catlin ("Dr. Catlin") is a Tennessee resident who operated a medical clinic, Defendant Chattanooga Center for Pain Management, P.C., in Hixson, Tennessee, located near the border of Tennessee, Alabama, and Georgia. (*Id.* ¶¶ 2-3, 6.)

For ten years, from 1997 until the time of Mrs. Milam's death, Dr. Catlin treated Mrs. Milam for severe back and neurogenic injuries. (*Id.* ¶¶ 2, 9.) Dr. Catlin also treated Mrs. Milam's husband, a Georgia resident and Mrs. Milam's widower. (*Id.* ¶ 6.) The Milams went to Dr. Catlin's clinic in Tennessee for office visits, but Dr. Catlin knew that the Milams resided in Georgia. (*Id.*) Dr. Catlin's treatment of Mrs. Milam included prescribing various pain medications. (*Id.* ¶ 9.) Although those prescriptions expired every thirty days, requiring a physician-patient visit for renewal of the prescription, Dr. Catlin frequently mailed Mrs. Milam's monthly prescriptions to her in Georgia without seeing her. (*Id.* ¶ 12.) Dr. Catlin knew that Mrs. Milam filled the prescriptions and took the prescribed medications in Georgia. (*Id.* ¶ 6.)

In the sixteen months prior to her death, Dr. Catlin dramatically increased Mrs. Milam's pain medication dosages. (*Id.* ¶¶ 9, 11.) On January 7, 2008, eight days after her last visit with Dr. Catlin, Mrs. Milam was found dead at her home in Hart County, Georgia from a "poly-pharmacy overdose." (*Id.* ¶¶ 8, 12, 16.)

Plaintiff alleges state law claims for wrongful death (*id.* ¶¶ 14-18) and medical malpractice (*id.* ¶¶ 19-24) under Tennessee law. Plaintiff alleges that Dr. Catlin was negligent in the following ways:

   a.  Prescribing dangerous narcotics at dosages that serve no legitimate medical purpose;
   b.  Prescribing multiple dangerous prescription drugs while failing to consider the potential deadly interactions of these drugs when taken at the same time;
   c.  Failing to consider other alternative pain treatments and instead resorting to dramatically increasing the dosages of narcotics to treat Decedent's pain;
   d.  Prescribing multiple narcotics at dosages that were inappropriate for outpatient therapy; and
   e.  Failing to adequately monitor the impact the prescribed drugs were having on Decedent Milam's general health.

(*Id.* ¶¶ 16, 21 (emphasis omitted).)

DISCUSSION

Defendants seek dismissal of Plaintiff's claims pursuant to Rule 12(b)(6). Defendants maintain that Plaintiff does not have standing to pursue this action under Georgia law, and, therefore, her Complaint fails to state a claim upon which relief may be granted. Plaintiff responds that Tennessee law applies and that under Tennessee law, Plaintiff is the proper party to bring this action.

4

In the alternative, Plaintiff argues that even if Georgia law applies, this Court should find that Plaintiff is the proper party to bring this action under the circumstances presented in this case.

### A.   Georgia's Choice-of-Law Rules

The first step in analyzing Defendants' motion is to determine whether Georgia or Tennessee law applies.  It is well settled that federal courts sitting in diversity apply the forum state's choice-of-law rules.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941).  Therefore, Georgia's choice-of-law rules control.  In tort actions, Georgia follows the traditional doctrine of *lex loci delicti*.  *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808, 816, 621 S.E.2d 413, 419 (2005).  Georgia's *lex loci delicti* rule provides:

> [T]he place of wrong, the locus delicti, is the place where the injury sustained was suffered rather than the place where the act was committed, or, as it is sometimes more generally put, it is the place where the last event necessary to make an actor liable for an alleged tort takes place. . . .  The law of the place where the tort or wrong has been committed is the law by which the liability is to be determined, and the place of the wrong is the place where . . . there takes place the last event necessary to make an actor liable for an alleged tort.

*Risdon Enters., Inc. v. Colemill Enters., Inc.*, 172 Ga. App. 902, 903, 324 S.E.2d 738, 740 (1984) (third alteration in original) (citations and internal quotation marks omitted).

Here, Mrs. Milam's injuries and death occurred in Georgia. Plaintiff acknowledges that the "*locus delecti* is the place where the injury was suffered rather than the place where the act was

committed[.]" (Pl.'s Resp. to Defs.' Mot. to Dismiss 13 [hereinafter Pl.'s Resp.].)   Nevertheless, Plaintiff contends that Tennessee substantive law should apply because the decedent was treated in Tennessee, and the "law of the place of treatment" should govern in this case.   (*Id.* at 14 (internal quotation marks omitted).) Plaintiff argues that it would be "both illogical and detrimental to Dr. Catlin to subject him to the law and standard of a state other than Tennessee" because "Dr. Catlin is licensed by Tennessee and, therefore, must comply with the rules and standards of medical practice set forth by Tennessee and its medical board." (*Id.* at 18.) Thus, Plaintiff advocates a "common sense" exception to Georgia's law of *lex loci delicti*:

> Where by the law of the place of wrong, the liability-creating character of the actor's conduct depends upon the application of a standard of care, and such standard has been defined in particular situations by statue or judicial decision of the law of the place of the actor's conduct, such application of the standard will be made by the forum.

Restatement (First) of Conflict of Laws § 380(2) (1934); *see, e.g.*, *Farwell v. Un*, 902 F.2d 282, 286-87 (4th Cir. 1990) (relying on "common sense" exception to *lex loci delecti* rule as one of two factors supporting conclusion that substantive law of Maryland, the state in which physician's alleged negligent conduct took place, should control rather than law of Delaware, where the last act required to complete the tort occurred).   The problem for Plaintiff is that the Georgia courts do not recognize this exception to the traditional principle of *lex loci delicti*.   Therefore, this federal

court, sitting in the state of Georgia, is obligated to follow Georgia law.

B.   Georgia's Wrongful Death Act

Under Georgia law, wrongful death claims are permitted under the Wrongful Death Act, O.C.G.A. § 51-4-1, *et seq*. *See Tolbert v. Maner*, 271 Ga. 207, 208, 518 S.E.2d 423, 425 (1999) ("There is no common law right to file a claim for wrongful death; the claim is entirely a statutory creation."). O.C.G.A. § 51-4-2(a) provides: "The surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence." Thus, under Georgia law, wrongful death claims may be brought only by the decedent's surviving spouse. The decedent's children may bring the claim only if no surviving spouse exists. *See Mack v. Moore*, 256 Ga. 138, 138, 345 S.E.2d 338, 339 (1986) (finding that Georgia's Wrongful Death statute "confers exclusive standing upon the surviving spouse"), *overruled on other grounds*, *Brown v. Liberty Oil & Refining Corp.*, 261 Ga. 214, 403 S.E.2d 806 (1991). An executor of the decedent's estate may only bring a wrongful death action if there is no surviving spouse or child to bring the action. O.C.G.A. § 51-4-5. Mrs. Miliam was survived by her spouse, and he has exclusive standing to pursue the wrongful death action under Georgia law. Plaintiff lacks standing under Georgia law to bring the wrongful death action.

Plaintiff urges the Court to make an exception to the Georgia standing requirement in this case by exercising its inherent "equitable power." (Pl.'s Resp. 18.) In support of her argument, Plaintiff relies upon *Brown*, in which the Georgia Supreme Court permitted surviving minor children to bring a wrongful death action where the surviving spouse abandoned the minor children, could not be found, and would not pursue the action. *Brown,* 261 Ga. at 214-16, 403 S.E.2d at 807-08. The Georgia Supreme Court reasoned that the "factual circumstances . . . demand[ed] the exercise of those [equitable] powers to preserve the rights of the minor children." *Id.* at 216, 403 S.E.2d at 808; *see Emory Univ. v. Dorsey*, 207 Ga. App. 808, 809, 429 S.E.2d 307, 308-09 (1993) (finding that minor child of decedent could pursue wrongful death action, notwithstanding fact that decedent had surviving spouse, where surviving spouse had left the state shortly after decedent's death, had no intention of pursuing a wrongful death action, and had no blood or legal relationship with the child).

The Court finds that this limited exception does not apply in this case. Plaintiff, an *adult* child of the decedent, has not alleged that Mrs. Milam's surviving spouse abandoned the children or that he was difficult to locate. Moreover, it is not clear that he refused to pursue a wrongful death action.[2] The Court finds no

---

[2]Plaintiff produced a letter from her attorney to Mrs. Milam's surviving spouse, Dr. Mark Milam, inviting him to participate in this wrongful death action (Ex. C to Pl.'s Resp., Letter from Pl.'s Counsel to

extraordinary circumstances exist to warrant an exercise of the Court's equitable powers to craft an exception to Georgia's clear statutory rule that a surviving spouse is the exclusive party who may bring a wrongful death action.[3]  Therefore, Plaintiff lacks standing under Georgia law to bring this wrongful death action.[4]

---

Dr. Mark Milam, Mar. 24, 2009), but Plaintiff has offered no evidence as to Dr. Milam's declination of the invitation or his reasons for any such declination.  Moreover, the Court is dismissing Plaintiff's Complaint because it does not allege facts triggering any exception under Georgia law to the surviving spouse's well-established, exclusive statutory right to assert a wrongful death claim.

[3]The Court observes that a surviving spouse must share the proceeds of a wrongful death action with the decedent's children. O.C.G.A. § 51-4-2(d).  Thus, children who believe a surviving spouse has breached a duty to them by failing to bring a wrongful death action may have a remedy under Georgia law.  *See Mack*, 256 Ga. at 139, 345 S.E.2d at 339 ("A duty is owed to the children and part of that duty is to act prudently in asserting, prosecuting and settling the claim.  The failure to do this could subject the spouse to liability for breach of duty as a representative.").

[4]Although not argued by Plaintiff in her briefing, the Court finds it necessary to tie up one loose end.  In her Complaint, Plaintiff seeks some losses which arguably can be recovered by the estate of the decedent.  Under Georgia law, a claim for wrongful death is a distinct cause of action separate from an estate's claim for the decedent's pain and suffering prior to death.  *See Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 867, 463 S.E.2d 5, 8 (1995); *Complete Auto Transit, Inc. v. Floyd*, 214 Ga. 232, 235, 104 S.E.2d 208, 212 (1958).  Therefore, Plaintiff, as executor of her mother's estate, does have standing to bring claims on behalf of the estate for her mother's pain and suffering and other expenses.  However, nothing in Plaintiff's Complaint suggests that the value of these claims exceeds the jurisdictional amount of $75,000.00, and, therefore, those claims are dismissed for lack of subject matter jurisdiction.  *See, e.g., Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007) (per curiam) ("A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the [plaintiff's] burden." (alterations in original) (internal quotation marks omitted)).

CONCLUSION

Because Plaintiff does not have standing under Georgia law to pursue this action, Defendants' Motion to Dismiss (Doc. 20) is granted, and Plaintiff's Complaint is dismissed.[5]


IT IS SO ORDERED, this 5th day of March, 2010.


S/Clay D. Land
————————————————
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[5]To avoid confusion in any future action that may be filed relating to this action, the Court finds it appropriate to emphasize that today's ruling has not decided that a wrongful death action against Defendants by the appropriate party would fail on the merits, nor has the Court decided that a wrongful death action by Plaintiff against Defendants in a Tennessee court would fail. The Court has only decided that Plaintiff is not the appropriate party to bring a wrongful death action in a federal court sitting in Georgia based upon the allegations in her present complaint.